IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE COUNTRYWIDE FINANCIAL CORPORATION DERIVATIVE LITIGATION | ) ) ) ) ) ) | C.A. No. 07-372-SLR (MPT)<br><br>(Consolidated Action) |

## DEFENDANTS ANGELO R. MOZILO, HENRY G. CISNEROS, ROBERT L. DONATO, HARLEY W. SNYDER, JEFFREY M. CUNNINGHAM, MARTIN R. MELONE, ROBERT T. PARRY, OSCAR P. ROBERTSON, KEITH P. RUSSELL AND NOMINAL DEFENDANT COUNTRYWIDE FINANCIAL CORPORATION'S  OPENING BRIEF IN SUPPORT OF THEIR MOTION TO <u>TRANSFER VENUE OR IN THE ALTERNATIVE STAY</u>

OF COUNSEL:

Brian E. Pastuszenski
Stuart M. Glass
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts  02109
617.570.1000

Dated:  February 27, 2008

Thomas A. Beck (#2086)
beck@rlf.com
Steven Fineman (#4025)
fineman@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19801
302.651.7700

*Attorneys for Defendants Angelo R. Mozilo,*
*Henry G. Cisneros, Robert L. Donato, Harley*
*W. Snyder, Jeffrey M. Cunningham, Martin R.*
*Melone, Robert T. Parry, Oscar P. Robertson,*
*Keith P. Russell, and nominal defendant*
*Countrywide Financial Corporation*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ........................................................................... 1

NATURE AND STAGE OF THE PROCEEDING ............................................. 3

STATEMENT OF FACTS .................................................................................. 5

SUMMARY OF ARGUMENT ........................................................................... 6

ARGUMENT ...................................................................................................... 8

I.      THIS ACTION SHOULD BE TRANSFERRED TO THE CENTRAL
        DISTRICT OF CALIFORNIA. ............................................................... 8

        A.      Venue And Jurisdiction Are Proper In The Central
                District Of California. ................................................................ 9

        B.      The Relevant Private Interest Factors Strongly Favor Transfer
                To The Central District Of California. ..................................... 9

                1.      Derivative Plaintiffs' Choice Of Forum Is Entitled To
                        "Little Weight." ............................................................. 9

                2.      The Material Events Alleged In The Complaint Occurred In
                        The Central District Of California. ............................. 11

                3.      The Central District Of California Is More Convenient To
                        The Parties And The Witnesses. .................................. 12

                4.      The Relevant Documents Are Located In The Central District Of
                        California. ..................................................................... 14

        C.      The Relevant Public Interest Factors Strongly Favor Transfer Of
                This Action To The Central District of California ...................... 14

II.     ALTERNATIVELY, THIS CASE SHOULD BE STAYED IN FAVOR OF THE
        CALIFORNIA DERIVATIVE ACTION. ............................................... 18

CONCLUSION ................................................................................................. 21

i

# TABLE OF AUTHORITIES

## CASES

*In re Amendt,*
    69 Fed. Appx. 93 (3d Cir. 2006) ..................................................................................16

*Affymetrix, Inc. v. Synteni, Inc.,*
    28 F. Supp. 2d 192 (D. Del. 1998).................................................................................8

*Aronson v. Lewis,*
    473 A.2d 805 (Del. 1984) ..............................................................................................16

*Arrow Commc'n Labs., Inc. v. John Mezzalingua Assocs., Inc.,*
    C.A. No. 05-357-SLR, 2005 WL 2786691 (D. Del. Oct. 26, 2005) .............................12, 14

*Bolton v. Tesoro Petroleum Corp.,*
    549 F. Supp. 1312 (E.D. Pa. 1982) ...............................................................................10

*Brown ex rel. FoxMeyer Drug Co. v. C.D. Smith Drug Co.,*
    C.A. No. 98-494-SLR, 1999 WL 709992 (D. Del. Aug. 18, 1999) .......................12, 13-14

*Burstein v. Applied Extrusion Techs., Inc.,*
    829 F. Supp. 106 (D. Del. 1992) ...................................................................................10

*Chartener v. Provident Mut. Life Ins., Co.,*
    No. Civ. A. 02-8045, 2003 WL 22518526 (E.D. Pa. Oct. 22, 2003)..............................19

*Color-Plus Leather Restoration Sys., L.L.C. v. Vincie,*
    198 Fed. Appx. 165 (3d Cir. 2006)...............................................................................19

*Cost Bros., Inc. v. Travelers Indem. Co.,*
    760 F.2d 58 (3d Cir. 1985).............................................................................................18

*Cramer v. Gen. Tel. & Elecs. Corp.,*
    582 F.2d 259 (3d Cir. 1978)...........................................................................................19

*In re Horseshoe Entm't,*
    337 F.3d 429 (5th Cir. 2003) ..........................................................................................11

*IBJ Schroder Bank & Trust Co. v. Mellon Bank, N.A.,*
    730 F. Supp. 1278 (S.D.N.Y. 1990)...............................................................................10

*Jumara v. State Farm Ins. Co.,*
    55 F.3d 873 (3d Cir. 1995).............................................................................................8, 9

*Kirschner Bros. Oil, Inc. v. Pannill,*
    697 F. Supp. 804 (D. Del. 1988)...............................................................10, 14

*Koster v. (American) Lumbermens Mut. Cas. Co.,*
    330 U.S. 518 (1947)...............................................................................................10

*Levy v. Sterling Holding Co., LLC,*
    C.A. No. 00-994-GMS, 2004 WL 2251268 (D. Del. Sept. 27, 2004)..........19, 20

*Merritt-Chapman & Scott Corp. v. Penn. Turnpike Comm'n,*
    387 F.2d 768 (3d Cir. 1967)..................................................................................18

*Minstar, Inc. v. LaBorde,*
    626 F. Supp. 142 (D. Del. 1985)...........................................................................12

*Nilssen v. Osram Sylvania, Inc.,*
    C.A. No. 00-695-JJF, 2001 WL 34368395 (D. Del. May 1, 2001) ....................16

*Original Creatine Patent Co., Ltd. v. Kaizen, Inc.,*
    C.A. No. 02-471-SLR, 2003 WL 179996 (D. Del. Jan. 22, 2003) .....................14

*Pegasus Dev. Corp. v. DirecTV, Inc.,*
    C.A. No. 00-1020-GMS, 2003 WL 21105073 (D. Del. May 14, 2003)...............18

*Strauss v. W. Highland Capital, Inc.,*
    No. 00 CIV. 01184 GEL, 2000 WL 1505957 (S.D.N.Y. Oct. 6, 2000) ..............10

*U.S. v. Webber,*
    270 F. Supp. 286 (D. Del. 1967).............................................................................2

*Virgin Wireless, Inc. v. Virgin Enters. Ltd.,*
    201 F. Supp. 2d 294 (D. Del. 2002)........................................................10, 12, 16

*Weisler v. Barrows,*
    C.A. No., 06-362-GMS, 2006 WL 3201882 (D. Del. Nov. 6, 2006) ........... *passim*

*Zahn v. Transamerica Corp.,*
    162 F.2d 36 (3d Cir. 1947)......................................................................................2

iii

## STATUTES

28 U.S.C. § 1404(a) ............................................................................................................6, 8, 9, 21

28 U.S.C. § 1332.................................................................................................................................9

28 U.S.C. § 1391.................................................................................................................................9

RLF1-3257928-1

Nominal defendant Countrywide Financial Corporation ("Countrywide") and defendants Angelo R. Mozilo, Henry G. Cisneros, Robert L. Donato, Harley W. Snyder, Jeffrey M. Cunningham, Martin R. Melone, Robert T. Parry, Oscar P. Robertson, Keith P. Russell (collectively "Defendants") respectfully submit this opening brief in support of their motion to transfer venue to the United States District Court for the Central District of California or in the alternative stay. In support of this motion, Defendants also submit the Declaration of Susan E. Bow ("Bow Decl.").

## PRELIMINARY STATEMENT

This case presents compelling circumstances in favor of transfer or a stay. Plaintiffs have brought this shareholder derivative action ostensibly on behalf of and for the benefit of Countrywide. The current consolidated complaint in this proceeding bears virtually no resemblance to the original complaint. Plaintiffs now assert a single claim for breach of fiduciary duty under state law against current and former officers and directors of the Company arising out of the Company's decision to repurchase shares of its own stock in 2006 and 2007. Plaintiffs here claim that those transactions were effected in order supposedly to enable certain officers and directors to sell their shares at higher prices. The very same claim, however, that plaintiffs here now assert – on behalf of the same entity, seeking the same relief, for the same allegedly improper conduct by virtually identical defendants – is being prosecuted as part of a much broader shareholder derivative action pending in the federal district court in Los Angeles, California, which is Countrywide's principal place of business.[1]

---

[1]    Several ostensible shareholder derivative cases pending in the United States District Court for the Central District of California have been consolidated before Judge Mariana Pfaelzer. *See In re Countrywide Financial Corp. Derivative Litigation*, Lead Case No. 07-CV-06923-MRP-(MANx) ("California Derivative Action"). A copy of the complaint in the California Derivative

1

There is no reason for both cases – which are at the same stage procedurally – to proceed simultaneously and numerous reasons to transfer or stay this case pending resolution of the California Derivative Action. The California Derivative Action makes the same factual allegations and seeks the same relief as does the case before this Court, but also asserts additional factual allegations and legal claims not found in the consolidated complaint in this action. As such, the California Derivative Action is the only case that can resolve all of those derivative claims asserted on Countrywide's behalf against the Defendants. Moreover, the Central District of California is the center of gravity for a variety of shareholder, securities, and other cases involving Countrywide, many of which challenge the very same stock repurchase transactions and stock sales by certain of the individual defendants.

Given that this is a representative action brought ostensibly for the benefit of Countrywide, plaintiffs' choice of forum is entitled to minimal, if any, significance. Moreover, plaintiffs are not even residents of Delaware. As such, there cannot possibly be any prejudice to plaintiffs by transferring or staying this case given the presence of the identical allegations in the California Derivative Action.

A transfer or stay of this case is particularly appropriate here because: (i) Countrywide – the real plaintiff in interest in this derivative case – has its principal place of business in Calabasas, California, in the Central District of California, just outside of Los Angeles; (ii) the stock repurchase transaction at issue was considered and approved by the Company's board of directors at meetings in California; (iii) all material events at issue in the Complaint took place in

---

Action is attached as Exhibit A to the Declaration of Thomas A. Beck ("Beck Decl."). The Court may take judicial notice of this complaint. *See Zahn v. Transamerica Corp.*, 162 F.2d 36, 48 n.20 (3d Cir. 1947) ("We may take judicial notice of the pleadings in [another] case since they are public documents."); *U.S. v. Webber*, 270 F. Supp. 286, 289 (D. Del. 1967), *aff'd*, 396 F.2d 381 (3d Cir. 1968).

2

California; (iv) virtually all likely witnesses either live in California or frequently travel to California in connection with their activities on behalf of Countrywide; and (v) all relevant documents are in California. In these circumstances, courts in this district and elsewhere often transfer shareholder derivative actions. *See, e.g.*, *Weisler v. Barrows,* C.A. No. 06-362-GMS, 2006 WL 3201882, at *2 (D. Del. Nov. 6, 2006).

Alternatively, absent transfer, a stay of this action in favor of the California Derivative Action would be appropriate to avoid needless duplication of judicial and party resources and the possibility of inconsistent legal and factual determinations. Because all of the allegations and claims for relief made in this proceeding are also present in the California Derivative Action, there is no basis for this action to proceed simultaneously with the California action. Moreover, because the California Derivative Action makes additional claims and seeks additional relief not at issue in the case pending in this Court, this action cannot resolve all of the legal and factual issues present in the California case, making stay of this proceeding appropriate. Moreover, an order staying this action will cause plaintiffs here no prejudice because the very shareholder derivative claim asserted here is being pressed as well in the California Derivative Action.

## NATURE AND STAGE OF THE PROCEEDING

Plaintiff IBEW filed this ostensible derivative lawsuit on June 12, 2007, alleging misrepresentations and omissions concerning the compensation paid to Countrywide's Chief Executive Officer contained in proxy statements sent to shareholders and filed with the Securities and Exchange Commission in advance of the Company's 2006 and 2007 annual meetings of shareholders. *IBEW v. Mozilo, et al.*, C.A. No. 07-372, D.I. 1. Plaintiff IBEW asserted claims under the Securities Exchange Act of 1934 and state law. Plaintiff IBEW filed its lawsuit without first making demand on Countrywide's Board of Directors and without

3

pleading specific facts demonstrating that such demand would be futile, contrary to the requirements of Delaware substantive law which govern this case. On September 14, 2007, plaintiff IBEW filed an amended complaint again asserting proxy disclosure related claims, but for the first time making allegations about Countrywide's repurchase of its own stock in November 2006 and May 2007 and the trading of certain defendants in Countrywide stock. On November 6, 2007, plaintiff Blumberg filed a copycat case that has since been consolidated into the present action. *Blumberg v. Mozilo, et al.*, C.A. No 07-717, D.I. 1. Defendants twice were on the verge of filing motions to dismiss plaintiff IBEW's operative complaint for failure to make pre-suit demand on the Board of Directors (among other grounds), and twice within a week of filing that motion plaintiffs' actions resulted in the filing of that motion being deferred.[2]

On January 15, 2008, after learning that Bank of America Corporation had days before announced a proposed acquisition of Countrywide, plaintiffs filed a motion for partial summary judgment, before the two cases (C.A. Nos. 07-372, 07-717) had been consolidated, before plaintiffs had filed a consolidated complaint, and before Defendants had moved to dismiss the consolidated complaint pursuant to the schedule agreed to by the parties and ordered by the Court. C.A. No. 07-372, D.I. Nos. 9, 18-20. On January 18, 2008, Defendants filed a motion to stay all proceedings with respect to plaintiffs' summary judgment motion for a variety of reasons, principally including the fact that the Court had not yet addressed the threshold issue of whether plaintiffs should have made pre-suit demand on the Countrywide Board of Directors

---

[2]   In August 2007, less than a week before the motion to dismiss was scheduled to be filed, plaintiff IBEW's counsel informed Defendants' counsel that plaintiff IBEW would be filing an amended complaint. In November 2007, shortly before the motion to dismiss the amended complaint was about to be filed, plaintiff IBEW's counsel advised Defendants' counsel that they had filed a substantially similar action and would seek to file a new, consolidated amended complaint in those actions. *See, e.g.*, C.A. No. 07-372, D.I. Nos. 5, 7, 9.

4

before suing. *Id.*, D.I. Nos. 22-23. In a hearing held on January 24, 2008, the Court agreed with Defendants and denied plaintiffs' partial summary judgment motion as premature. *Id.*, D.I. 35.

Plaintiffs filed a consolidated amended complaint on February 13, 2008 that abandoned all of the proxy disclosure related allegations found in the prior complaints and that now contains a single state law claim – for breach of fiduciary duty in connection with the Company's repurchase of its shares in 2006 and 2007. On February 27, 2008, Defendants filed a motion to dismiss the Complaint in its entirety and with prejudice.

This is Defendants' opening brief in support of the motion to transfer or stay.

## STATEMENT OF FACTS

Plaintiffs are citizens of Pennsylvania and ostensibly bring this shareholder derivative action for the benefit of Countrywide. Compl. ¶¶ 1, 3. Countrywide is a corporation organized under the laws of the state of Delaware that engages in mortgage lending and other finance-related businesses. Compl. ¶ 6. Countrywide has its principal place of business in Calabasas, California. Bow Decl. ¶ 2. Countrywide is a nominal defendant in this case.

Plaintiffs assert one claim in this case against Defendants – for breach of fiduciary duty under state law in connection with the Company's repurchase of its own stock in November 2006 and May 2007. Compl. ¶¶ 4, 26-27. Prior to commencing this lawsuit, plaintiffs did not make demand on the Company's Board of Directors to investigate any alleged misconduct or to institute the lawsuit on the Company's behalf. Compl. ¶ 9. The material events at issue in this lawsuit concerning the Company's decision to enter into the stock repurchase transactions occurred in California. Bow Decl. ¶¶ 4, 6. All of the work done by Countrywide concerning the stock repurchase transactions in November 2006 and May 2007 was performed in California. *Id.* at ¶ 4. The stock repurchase transactions that occurred in November 2006 and May 2007 were

5

considered and approved at Countrywide committee meetings and board meetings that took place at, or originated from, Countrywide's headquarters in California. *Id.* at ¶ 6. Countrywide's documents relating to these meetings and the Board's decision to approve the stock repurchase are maintained in California. *Id.* Besides consideration and approval of these transactions by the Board of Directors, senior management personnel in Countrywide's Treasury Finance area were involved in planning for, structuring, and implementing the repurchase transactions. *Id.* at ¶ 4. All of those persons work at the Company's headquarters in California and are residents of California. *Id.* None of them works or resides in Delaware. *Id.*

Exactly like the present case, the California Derivative Action contains a claim for breach of fiduciary duty relating to the stock repurchase transactions and also challenged trading in Countrywide stock by the Defendants. *See* California Derivative Action (Beck Decl., Ex. A) at ¶¶ 324-327, 492(f). In addition, the California Derivative Action also contains several state law claims and claims arising under the federal securities laws that are not present in this case. *Id.* at ¶¶ 321-340, 506-511, 533-538.[3]

## SUMMARY OF THE ARGUMENT

This case should be transferred to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a) because the relevant private and public interests considered in the Third Circuit strongly favor transfer:

1.      Plaintiff could have brought this case in the Central District in California as venue and jurisdiction are proper in that district.

2.      Not only are plaintiffs not residents of Delaware, but their choice of forum is entitled to little or no weight because this is an ostensible shareholder derivative action brought

---

[3]  All of the defendants named in the present case are defendants in the California Derivative Action, other than former director Kathleen Brown.

6

on behalf of Countrywide. The claim asserted in this case is not unique to these plaintiffs and they have no particular connection with or knowledge of the allegations in the Complaint. Rather, the Complaint alleges harm solely to Countrywide and seeks to recover on behalf of Countrywide.

3.    The Central District of California is more convenient for the parties and witnesses. Countrywide has its principal place of business and headquarters in the Central District of California, where many of the Defendants reside. The Central District of California is also the location where the events giving rise to the claim occurred, and all of the relevant documents and nearly all of the relevant witnesses are located.

4.    Transfer to the Central District of California will conserve judicial resources, reduce the costs of the parties, and avoid the possibility of inconsistent results. Upon transfer, Defendants will seek to consolidate the present suit into the California Derivative Action already pending in the Central District of California, which involves the identical claim against substantially similar parties. The instant case is subsumed in the California Derivative Action, which contains additional allegations and legal claims against additional parties. The present case therefore will accomplish nothing on its own that the California Derivative Action will not accomplish. Conversely. the California Derivative Action is the only case that can provide complete relief and resolution of all derivative claims asserted ostensibly on behalf of Countrywide. Transfer to the Central District of California also should produce a quicker resolution of the case.

Alternatively, this case should be stayed in favor of the California Derivative Action. There is no reason for both cases to proceed simultaneously. Staying this action will cause no prejudice to any party because the very claim asserted here by plaintiffs for the benefit of

7

Countrywide is pending in the California Derivative Action. Judicial economy also supports a stay of this case. Staying this action will obviate the risk of inconsistent rulings and eliminate the need for wasteful duplication of effort and expenditure of resources by both this Court and the parties.

## ARGUMENT

**I.    THIS ACTION SHOULD BE TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA.**

The transfer of an action is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfer is appropriate when: (1) venue and jurisdiction are proper in the transferee district and venue is proper in the transferor district; (2) it is for the convenience of the parties and witnesses; and (3) it is in the interest of justice. *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 196 (D. Del. 1998). "[T]he moving party is not required to show truly compelling circumstances for change of venue, but rather that all relevant things considered, the case would be better off transferred to another district." *Weisler,* 2006 WL 3201882, at *2.

In *Jumara v. State Farm Ins. Co.*, the Third Circuit stated that while there is no definitive formula for the list of factors to consider in making this determination, courts consider many "variants of the private and public interests protected by the language of § 1404(a)." 55 F.3d 873, 879 (3d Cir. 1995). In particular, the private interests include: (1) plaintiff's initial choice of forum; (2) the defendants' forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; and (6) and the location of books and records. The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the

8

trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879-80.

Here, the factors overwhelmingly favor transfer to the Central District of California.

### A.    Venue And Jurisdiction Are Proper In The Central District Of California.

This action "might have been brought" in the Central District of California. 28 U.S.C. § 1404(a). The Central District of California has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Compl. ¶ 1. Venue is proper in the Central District of California because Countrywide has its principal place of business in Calabasas, California, at least some of the Defendants reside in the Central District of California, and a substantial part of the events or omissions giving rise to the claims occurred in Central District of California. *See* 28 U.S.C. § 1391; Bow Decl. ¶¶ 4, 6.

### B.    The Relevant Private Interest Factors Strongly Favor Transfer To The Central District Of California.

#### 1.    Derivative Plaintiffs' Choice Of Forum Is Entitled To "Little Weight."

In this ostensible derivative action, plaintiffs have asserted a claim on behalf of and for the benefit of Countrywide against Defendants. Compl. ¶ 3. Plaintiffs have not asserted any direct claims seeking relief on their own behalf. In these circumstances, plaintiffs' choice of forum is accorded "little weight" in deciding a motion to transfer venue under Section 1404(a). *Weisler*, 2006 WL 3201882, at *3 (transferring derivative action from Delaware to Massachusetts). As explained by the U.S. Supreme Court, in a derivative suit:

> where there are hundreds of potential plaintiffs, all equally entitled
> voluntarily to invest themselves with the corporation's cause of
> action and all of whom could with equal show of right go into their

9

> many home courts, the claim of any one plaintiff that a forum is
> appropriate merely because it is his home forum is considerably
> weakened.

*Koster v. (American) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947) (footnote omitted).

As the court in *Bolton v. Tesoro Petroleum Corp.* aptly noted more than twenty-five years ago,

"[i]t has been consistently held . . . that the weight accorded to plaintiff's choice of forum is

considerably reduced in class and derivative actions, where each of many potential plaintiffs may

claim the right to have the action heard in his home forum, and where the nominal plaintiff's role

in the litigation is likely to be quite minimal." 549 F. Supp. 1312, 1313-14 (E.D. Pa. 1982)

(citing cases). *Accord Strauss v. W. Highland Capital, Inc.*, No. 00 CIV. 01184 GEL, 2000 WL

1505957, at *2 (S.D.N.Y. Oct. 6, 2000) (derivative case transferred; court held that even

residence of nominal plaintiff in forum state did "not weigh heavily against" transferring case);

*IBJ Schroder Bank & Trust Co. v. Mellon Bank, N.A.*, 730 F. Supp. 1278, 1282 (S.D.N.Y. 1990)

("In shareholder derivative suits . . . the accidental residence of the named plaintiff is discounted

in weighing the transfer factors.").

As this Court itself has recognized, plaintiffs' choice of forum is given even less

deference where, as here, the plaintiff chooses "to bring suit in a district that is not his 'home

turf'." *Virgin Wireless, Inc. v. Virgin Enters. Ltd.*, 201 F. Supp. 2d 294, 300 (D. Del. 2002)

(transferring case and stating that "plaintiffs' preference for Delaware is not given as much

deference because they have not chosen their 'home turf.'"). *Accord Burstein v. Applied

Extrusion Techs., Inc.*, 829 F. Supp. 106, 110 (D. Del. 1992); *Kirschner Bros. Oil, Inc. v.

Pannill*, 697 F. Supp. 804, 806 (D. Del. 1988). Here, plaintiffs are not residents of Delaware,

10

have not alleged that any of the conduct complained of occurred in this district, or that they had any personal connection with or knowledge of the conduct complained of in the Complaint.[4]

### 2. The Material Events Alleged In The Complaint Occurred In The Central District Of California.

Plaintiffs' choice of forum is entitled to even less deference because the claim asserted in the Complaint has no connection to this District. Rather, the conduct underlying the claim at issue and the factual allegations set forth in the Complaint occurred in California.

The crux of plaintiffs' case is that Defendants breached their fiduciary duty by causing the Company to repurchase the Company's stock in November 2006 and May 2007 while allegedly in possession of "material adverse inside information concerning the business and assets of Countrywide." Compl. ¶¶ 4, 10. The material events relating to plaintiffs' claim occurred in California. Bow Decl. ¶¶ 4, 6. All of the work done by Countrywide concerning the Company's stock repurchase transactions in November 2006 and May 2007 was performed in California. *Id.* at ¶ 4. The decision by Countrywide's Board of Directors in November 2006 to approve repurchase of shares of the Company's common stock was the result of more than one year of planning and analysis by the Treasury Finance area within Countrywide group and involved various presentations to and discussions with the Board of Directors. *Id.* The meetings of Countrywide's Board of Directors, including board committee meetings, take place at, or originate from, Countrywide's headquarters. *Id.* at ¶ 6. The stock repurchase transactions that occurred in November 2006 and May 2007 were considered and approved at several meetings of the Board of Directors, including meetings of the Finance Committee of the Board. *Id.*

---

[4] Plaintiffs' lead counsel are from New York and Pennsylvania and their local counsel is in Delaware. The location of counsel "is irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003), *cert. denied*, 540 U.S. 1049 (2003).

11

No event material to this case took place in Delaware. In this regard, the Court's analysis in *Weisler* is directly on point. In *Weisler*, a New York resident brought a derivative action in Delaware on behalf of a corporation incorporated under Delaware law whose principal place of business was in Massachusetts. 2006 WL 3201882, *1. The court granted defendant's motion to transfer the action to the District of Massachusetts finding that "the majority of the events giving rise to [the] action occurred in Massachusetts." *Id.* at *3. *Accord Arrow Commc'n Labs., Inc. v. John Mezzalingua Assocs., Inc.*, C.A. No. 05-357-SLR, 2005 WL 2786691, at *3 (D. Del. Oct. 26, 2005) (transferring case to district where the alleged wrongdoing occurred); *Virgin Wireless,* 201 F. Supp.2d at 300 (transferring case to district where the "center of operative facts" was located); *Brown ex rel. FoxMeyer Drug Co. v. C.D. Smith Drug Co.*, C.A. No. 98-494-SLR, 1999 WL 709992, at *7 (D. Del. Aug. 18, 1999) (transferring case and noting that "[n]one of the allegedly unlawful acts giving rise to plaintiff's complaints occurred in Delaware").

### 3.   The Central District Of California Is More Convenient To The Parties And The Witnesses.

The convenience of Countrywide – the real plaintiff in interest in this derivative action – and the Defendants overwhelmingly favors transfer. Countrywide has its principal place of business in California, and all of its officers and senior executives and the majority of the individually named Defendants either reside and work in California or regularly travel to California for Countrywide-related business. Bow Decl. ¶¶ 2, 3. *See Minstar, Inc. v. LaBorde*, 626 F. Supp. 142, 145 (D. Del. 1985). None of the Defendants live in Delaware. Bow Decl. ¶ 3. Plaintiffs are not residents of Delaware, and will not be substantive witnesses at trial. They have no knowledge of the conduct alleged in the Complaint and have no personal connection with the conduct at issue in this case. They have brought this action in a representative capacity on behalf of and for the benefit of Countrywide. They are plaintiffs in name only.

12

This case is about Countrywide's stock repurchase transactions in November 2006 and May 2007 and whether Defendants breached their fiduciary duties by approving such transactions. Plaintiffs also make allegations about the stock trading of certain of the Defendants and the Company's public disclosures about certain trends in the housing market. Compl. ¶¶ 4, 10, 26-27. The vast majority of individuals who have personal knowledge pertaining to any of these allegations are located in California. Bow Decl. ¶¶ 3, 4. None is known to be located in the District of Delaware. *Id.* at ¶ 3. For example, senior management personnel in Countrywide's Treasury Finance area were involved in planning for, structuring, and implementing the repurchase transactions. *Id.* at ¶ 4. All of those persons work at the Company's headquarters in California and are residents of California. *Id.* None of them works or resides in Delaware. *Id.* Requiring any of those persons to spend time away from their workplace in California in order to testify in connection with this litigation would substantially disrupt the business activities of Countrywide. *Id.* Those persons include Jennifer Sandefur, Senior Managing Director and Treasurer of the Company, and Ellen Coleman, the Company's Executive Vice President, Treasury Finance. *Id.* In addition, all of the senior executives of the Company during the relevant period with ultimate responsibility for the Company's operations, including originations of new loans and the securitization and sale of loans to secondary market purchasers are residents of California, as are the Company's Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer. *Id.* at ¶ 7. These persons would have knowledge of the Company's access to public information regarding the condition of the housing market during the relevant period and its possible impact on the Company's future operations. *Id.*

As this Court stated in *Brown*,

> [t]he inconvenience to defendants of litigating in Delaware is of chief concern to the court. None of the defendants reside in or near Delaware. . . . Although

13

technological advances have reduced the burden of having to litigate in a distant forum, forcing individual defendants, as well as the corporate defendant's essential employees, to travel hundreds of miles to testify when there is a local alternative weighs heavily in favor of transfer." 1999 WL 709992, at *6 (internal citation omitted).[5]

Here, those "essential employees" would have to travel thousands of miles to get to a Delaware courthouse.

### 4. The Relevant Documents Are Located In The Central District Of California.

Countrywide maintains records pertaining to, among other things, board meetings, the stock repurchase transactions, and SEC filings. Virtually all of these documents are maintained at Countrywide's offices in California. Bow Decl. ¶¶ 5, 6. As this Court noted in *Arrow Commc'n,* this factor weighs in favor of transfer when the majority of discoverable information and the defendant's documents related to the conduct at issue are located in the transferee district. 2005 WL 2786691, at *3. *Accord Brown*, 1999 WL 709992, at *6 (granting transfer motion).

### C. The Relevant Public Interest Factors Strongly Favor Transfer Of This Action To The Central District Of California.

The relevant public interest factors also strongly favor a transfer of this case to the Central District of California. Transfer of this action would make trial easier, more expeditious, and less expensive, conserve judicial resources, and reduce the burden on Defendants, given the pendency of the California Derivative Action. Upon transfer of this action to the Central District

---

[5] *Accord Original Creatine Patent Co., Ltd. v. Kaizen, Inc.,* C.A. No. 02-471-SLR, 2003 WL 179996, at *3 (D. Del. Jan. 22, 2003) (granting transfer and noting that neither party has ties to Delaware and that "[a]ll witnesses, documents and employees are located outside of" Delaware); *Kirschner*, 697 F. Supp. at 807 (transfer of a securities case to the district of the company's principal place of business "would allow [key party witnesses] to pay greater attention to corporate business matters, minimizing the interference with the efficient conduct of [company's] business during trial. The reduction of such interference is an important factor for balancing convenience.").

14

of California, Defendants will move to consolidate this case into the California Derivative Action. Indeed, there is a center of gravity in the Central District of California of litigation involving Countrywide and allegations relating to, among other things, the stock repurchase transactions in November 2006 and May 2007 and trading by defendants on the basis of supposed material nonpublic information. These cases include derivative actions, securities class actions and ERISA class actions and are pending in the Central District of California before Judges Pfaelzer and Klausner, some of which, like the present case, involve allegations concerning the stock repurchase transactions and the trading by Defendants on the basis of supposed material nonpublic information. [6] *See, e.g.*, Beck Decl., Ex. A at ¶¶ 324-327, 492(f). This Court frequently transfers cases when, like here, there are pending actions in the transferee district "predicated on the same transactions and occurrences at issue in this litigation, and

---

[6]  *In re Countrywide Fin. Corp. Deriv. Litig.*, Lead Case No. 07-CV-06923-MRP-(MANx); *Pappas v. Countrywide Fin. Corp.*, CV07-05295- MRP (MANx); *Norfolk County Retirement System v. Countrywide Fin. Corp.*, CV07-5727-MRP (MANx); *McBride v. Countrywide Fin. Corp.*, CV07-06083-MRP (RCx); *Saratoga Advantage Trust v. Countrywide Fin. Corp.*, CV07-06635-MRP (MANx); *Brahn v. Countrywide Fin. Corp.*, CV07-07259-MRP (RCx); *Luther v. Countrywide Capital V*, CV07-8165-MRP (MANx), *Steele v. Countrywide Capital V*, CV07-07548-MRP (MANx); *New York City Employees' Retirement Sys. v. Countrywide Financial Corp.*, CV08-00492-MRP (MANx); *Argent Classic Convertible Arbitrage Fund L.P. v. Countrywide Fin. Corp.*, CV07-07097-MRP (MANx); *Adams v. Mozilo,*, CV08-00236-MRP (MANx); *Alvidres v. Countrywide Fin. Corp.*, CV07-05810-RGK (CTx); *Patterson v. Countrywide Fin. Corp.*, CV07-01141-RGK (CTx); *Johnson v. Countrywide Fin. Corp.*, CV07-05879-RGK (CTx); *Brockmeyer v. Countrywide Fin. Corp.*, CV07-05906-RGK (CTx); *Cruz v. Countrywide Fin. Corp.*, CV07-01050-RGK (CTx); *Narducci v. Countrywide Fin. Corp.*, CV07-06027-RGK (CTx); *Ortolani v. Countrywide Fin. Corp.*, CV07-06059-RGK (CTx); *Vallejo v. Countrywide Fin. Corp.*, CV07-06062-RGK (CTx); *Oni v. Countrywide Fin. Corp.*, CV07-06096-RGK (CTx); *Thompson v. Countrywide Fin. Corp.*, CV07-06190-RGK (CTx); *Pro v. Countrywide Fin. Corp.*, CV07-06252-RGK (CTx); *Bogusz v. Countrywide Fin. Corp.*, CV07-06410-RGK (CTx); *Amezquita v. Countrywide Fin. Corp.*, CV07-06473-RGK (CTx); *Kim v. Countrywide Fin. Corp.*, CV07-01183-RGK (CTx); *Chatman v. Countrywide Fin. Corp.*, CV07-06695-RGK (CTx); *Foreman v. Countrywide Fin. Corp.*, CV07-07243-RGK (CTx); *McAloon v. Countrywide Fin. Corp.*, CV07-08192-RGK (CTx); *Weber v. Countrywide Fin. Corp.*, CV08-00251-RGK (CTx).

15

involve[ing] many of the same parties." *Virgin Wireless,* 201 F. Supp. 2d at 301. *Accord Weisler,* 2006 WL 3201882, at *3 ("Where related lawsuits exist, it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court") (internal quotation omitted). As the Third Circuit noted in *In re Amendt,* "the most important factor is the avoidance of duplicative litigation: Adjudicating almost identical issues in separate fora would waste judicial resources." 169 Fed. Appx. 93, 96 (3d Cir. 2006) (non-precedential). *Accord Nilssen v. Osram Sylvania, Inc.,* C.A. No. 00-695-JJF, 2001 WL 34368395, at *4 (D. Del. May 1, 2001) ("If related cases are pending in the district to which transfer is sought, such fact weighs in favor of the transfer.").

Transferring this case would permit the consolidation of these actions, would save party and judicial resources, and would avoid the possibility of inconsistent rulings by multiple federal judges on common issues. Those common issues would include, among others, whether plaintiffs' failure to make presuit demand before filing the derivative lawsuits contravened Delaware substantive corporate governance requirements. Specifically, before filing a shareholder derivative lawsuit like the present one that seeks relief in the name of and for the ostensible benefit of a corporation, a shareholder of the corporation must first demand that the corporation's board of directors consider whether it should bring such litigation directly and whether doing so would be in the corporation's and shareholders' best interests. In order to avoid making demand, a shareholder must plead in his complaint particularized facts calling into question the ability of a majority of directors objectively to consider a demand were one made and demonstrating that making such pre-suit demand would have been futile. *See, e.g. Aronson v. Lewis,* 473 A.2d 805, 808 (Del. 1984), *overruled on other grounds, Brehm v. Eisner,* 746 A.2d 244 (Del. 2000). Neither the plaintiffs here nor in the California Derivative Action made

16

demand or adequately alleged that demand would have been futile. The motion to dismiss the California Derivative Action based on failure to make demand, among other grounds, is scheduled to be heard on April 28, 2008. No reason exists for multiple federal courts and the parties in separate cases to litigate these identical issues simultaneously.

In addition, the present case is subsumed in the California Derivative Action and therefore will accomplish nothing that the California Derivative Action will not accomplish on its own. What is more, the California Derivative Action concerns factual allegations and legal claims for relief under the federal securities laws that are not present in this case. That action, therefore, will need to proceed whether or not the present case is transferred (or stayed) in order to resolve all derivative claims asserted on behalf of Countrywide. It would make no sense for multiple federal judges simultaneously to adjudicate the same legal issues, especially where both cases ostensibly are brought on behalf of the same party in interest (Countrywide) and seek a single recovery for Countrywide, against virtually identical defendants, for the same alleged misconduct.

Transfer to the Central District of California also should result in a quicker trial date and/or resolution of the case. In the twelve months ended September 30, 2007, the median time from filing to trial in the Central District of California (21.3 months) was significantly shorter than the time from filing to trial in the District of Delaware (27.0 months). *See* http://www.uscourts.gov/cgi-bin/cmsd2007.pl (statistics for Delaware and Central District of California). In addition, the median duration of a civil case in the Central District of California (6.8 months) was almost half of the median duration of a civil case in this District (12.5 months). *Id.*

17

## II.    ALTERNATIVELY, THIS CASE SHOULD BE STAYED IN FAVOR OF THE CALIFORNIA DERIVATIVE ACTION.

In the event this case were not transferred to California, Defendants request that this case be stayed pending resolution of the California Derivative Action. This Court has the "inherent power to conserve judicial resources by controlling its own docket." *Cost Bros., Inc. v. Travelers Indem. Co.,* 760 F.2d 58, 60 (3d Cir. 1985). "The decision to stay a case is firmly within the discretion of the court." *Pegasus Dev. Corp. v. DirecTV, Inc.,* C.A. No. 00-1020-GMS, 2003 WL 21105073, at *1 (D. Del. May 14, 2003). The Third Circuit has recognized that the "power to stay proceedings is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Merritt-Chapman & Scott Corp. v. Penn. Turnpike Comm'n,* 387 F.2d 768, 773 (3d Cir. 1967) (granting stay of proceedings) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)).

In ruling on a motion to stay, this Court should be guided by three factors: "'(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.'" *Pegasus,* 2003 WL 21105073, at *1 (quoting *Xerox Corp. v. 3Com Corp.,* 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)). Each of these three factors strongly supports a stay of this case.

First, there will be no prejudice to any party from a stay of this case and such a stay will not present "a clear tactical disadvantage to the non-moving party" because the very claim asserted here by plaintiffs for the benefit of Countrywide is pending in the California Derivative Action. *Id.* at *1. Plaintiffs here bring a single claim for breach of fiduciary duty with respect to the stock repurchase transactions. They bring this claim ostensibly on behalf of and for the

benefit of Countrywide. They do not assert direct claims and seek no recovery on their own behalf. If plaintiffs are successful, any recovery would go to Countrywide. In these circumstances, Countrywide – and not the plaintiffs – is the true plaintiff in interest. A stay of this case therefore will not prevent this claim from being litigated. Rather, because the same will be litigated in California, a stay would not prejudice any party.

Second, "[s]taying the litigation…will simplify the issues and focus the litigation." *Levy v. Sterling Holding Co., LLC*, C.A. No. 00-994-GMS, 2004 WL 2251268, at *2 (D. Del. Sept. 27, 2004) (granting stay of proceedings). Given that plaintiffs' claim is simultaneously being litigated in California, resolution of the claim there will serve as *res judicata* in this proceeding. Res judicata "bars a suit involving the same claims and the same parties where there is: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." *Color-Plus Leather Restoration Sys., L.L.C. v. Vincie*, 198 Fed. Appx. 165, 167 (3d Cir. 2006) (affirming application of *res judicata* to dismiss complaint) (internal quotation omitted). In these circumstances, there is no reason for both cases to proceed simultaneously. *Cramer v. General Tel. & Elecs. Corp.*, 582 F.2d 259, 266 (3d Cir. 1978) (barring derivative claim on grounds of *res judicata* in light of dismissal of same claim in prior action). *See also Chartener v. Provident Mut. Life Ins. Co.*, No. Civ. A. 02-8045, 2003 WL 22518526, at *3 (E.D. Pa. Oct. 22, 2003) (staying case in favor of related state court action; emphasizing *res judicata* considerations where identical cases in different courts proceed simultaneously).

Third, this matter is in its early stages. Discovery has not begun nor has a trial date been set. Nothing would be compromised should this case be stayed in favor of the California Derivative Action.

Judicial economy also supports a stay of this case.  As described above, the present case is subsumed in the California Derivative Action and there is no reason for both cases to proceed simultaneously.  The instant case will accomplish nothing that the California Derivative Action will not accomplish on its own.  Indeed, the California Derivative Action is the only one that can resolve all of the claims asserted on Countrywide's behalf.  Staying this action will not interfere with resolution of all of the claims brought ostensibly on behalf of Countrywide, but will appropriately eliminate the risk of inconsistent rulings and  unnecessary expenditure of time and resources by this Court and the parties.  *Levy*, 2004 WL 2251268, at *2 ("Not staying the proceedings … runs the risk of inconsistent adjudications.").

## CONCLUSION

For the foregoing reasons, Countrywide respectfully requests that this action be transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Central District of California or alternatively stayed pending resolution of the California Derivative Action.

OF COUNSEL:

Brian E. Pastuszenski
Stuart M. Glass
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
617.570.1000

Dated: February 27, 2008

Thomas A. Beck (#2086)
beck@rlf.com
Steven Fineman (#4025)
fineman@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19801
302.651.7700

*Attorneys for Defendants Angelo R. Mozilo,*
*Henry G. Cisneros, Robert L. Donato, Harley*
*W. Snyder, Jeffrey M. Cunningham, Martin R.*
*Melone, Robert T. Parry, Oscar P. Robertson,*
*Keith P. Russell, and nominal defendant*
*Countrywide Financial Corporation*

21

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2008, I electronically filed the foregoing document

with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand

Delivered to the following:

Robert D. Goldberg, Esquire
Biggs & Battaglia
921 North Orange Street
P.O. Box 1489
Wilmington, DE 19899

Edward P. Welch, Esquire
Edward B. Micheletti, Esquire
Skadden, Arps, Slate, Meagher & Flom
LLP
One Rodney Square, P.O. Box 636
Wilmington, DE 19899-0636

Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Fineman@rlf.com