IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE COUNTRYWIDE FINANCIAL CORPORATION DERIVATIVE LITIGATION | ) ) ) ) ) ) | C.A. No. 1:07-372-SLR (MPT) (Consolidated Action) |

**DEFENDANTS ANGELO R. MOZILO, HENRY G. CISNEROS, ROBERT J. DONATO, HARLEY W. SNYDER, JEFFREY M. CUNNINGHAM, MARTIN R. MELONE, ROBERT T. PARRY, OSCAR P. ROBERTSON, KEITH P. RUSSELL, AND NOMINAL DEFENDANT COUNTRYWIDE FINANCIAL CORPORATION'S REPLY BRIEF IN SUPPORT OF MOTION TO <u>TRANSFER VENUE OR IN THE ALTERNATIVE STAY</u>**

OF COUNSEL:

Brian E. Pastuszenski
Stuart M. Glass
Brian C. Devine
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
(617) 570-1000

Thomas A. Beck (#2086)
beck@rlf.com
Steven Fineman (#4025)
fineman@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19801
(302) 651-7700

*Attorneys for Defendants Angelo R. Mozilo, Henry G. Cisneros, Robert J. Donato, Harley W. Snyder, Jeffrey M. Cunningham, Martin R. Melone, Robert T. Parry, Oscar P. Robertson, Keith P. Russell, and Nominal Defendant Countrywide Financial Corporation*

Dated: May 12, 2008

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT............................................................................................................................ 4

I.     THIS ACTION SHOULD BE TRANSFERRED TO THE CENTRAL DISTRICT
       OF CALIFORNIA. .................................................................................................... 4

       A.     The Interests of Justice Favor Transfer to the Central District of California .......... 4

              1.     Transfer Would Best Serve the Interests of Judicial Economy and
                     Avoiding the Risk of Inconsistent Rulings. ................................................. 4

              2.     The First-Filed Rule Is Inapplicable Here And In Any Event Does
                     Not Prevent Transfer. ................................................................................... 7

                     i.     The First-Filed Rule Does Not Apply. .............................................. 7

                     ii.    Even If The First-Filed Rule Applied, It Would Not Prevent
                            Transfer In These Circumstances. ...................................................... 8

              3.     Plaintiffs' Argument About Post-Merger Standing Misstates
                     Governing Delaware Law. .......................................................................... 10

       B.     Other Relevant Private Interest and Public Interest Factors Also Strongly
              Favor Transfer to the Central District of California. ............................................... 12

II.    ALTERNATIVELY, THIS ACTION SHOULD BE STAYED IN FAVOR OF
       THE CALIFORNIA DERIVATIVE ACTION. ........................................................... 14

CONCLUSION ....................................................................................................................... 15

i

# TABLE OF AUTHORITIES

<u>CASES</u>

*In re Amendt,*
    No. 05-2458, 2006 WL 358731 (3d. Cir. Feb. 16, 2006) ......................................................5

*APV v. Sig Simonazzi,*
    295 F. Supp. 2d 393 (D. Del. 2002).........................................................................................7

*Arrow Commc'n Labs., Inc. v. John Mezzalingua Assocs., Inc ,*
    2005 WL 2786691 (D. Del. Oct. 26, 2005) ......................................................................8, 12

*Blasband v. Rales,*
    971 F.2d 1034 (3d Cir. 1992)..................................................................................3, 10, 11

*Brown ex rel. Fox Meyer Drug Co. v. C.D. Smith Drug Co,*
    1999 WL 709992 (D. Del. Aug. 18, 1999) ...........................................................................12

*In re Caremark Int'l. Inc. Deriv. Litig ,*
    698 A.2d 959 (Del. Ch. 1996)................................................................................................12

*Central States, Southeast & Southwest AEAS Pension Fund v.*
*Advance Plumbing & Heating Supply Co ,*
    1990 WL 6826 (N.D. Ill. Jan. 4, 1990) ...............................................................................13

*Central States, Southeast & Southwest AEAS Pension Fund v. Kurtz Gravel Co.,*
    1998 WL 684216 (N.D. Ill. 1998) .......................................................................................13

*In re Collins & Aikman Corp. Sec. Litig.,*
    438 F. Supp.2d 392 (S.D.N.Y. 2006).....................................................................................10

*Compl. of Bankers Trust Co. v. Chatterjee,*
    636 F.2d 37 (3d Cir. 1980).................................................................................................2, 7

*Corwin v. Silverman,*
    1999 WL 499456 (Del. Ch. June 30, 1999)............................................................................9

*Continental Grain Co. v. FBL-585,*
    364 U.S. 19 (1960)..................................................................................................................5

*Devorris v. Cummings Inc ,*
    2007 WL 1875816 (W.D. Pa. June 27, 2007)......................................................................6, 7

*EEOC v. University of Penn ,*
    850 F.2d 969 (3d Cir. 1988), *aff'd* 493 U.S. 182 (1990) ...........................................*passim*

*Factors Etc., Inc. v. Pro Arts, Inc.,*
    579 F.2d 215 (2d Cir. 1978)......................................................................................9

*Heit v. Tenneco, Inc.,*
    319 F. Supp. 884 (D. Del. 1970)...........................................................................10

*Koster v. Lumbermens Mut. Cas. Co.,*
    330 U.S. 518 (1947).................................................................................................12

*Lewis v. Anderson,*
    477 A.2d 1040 (Del. 1984) .......................................................................................3

*Lewis v. Ward,*
    852 A.2d 896 (Del. 2004) ...........................................................................3, 11, 12

*Myer v. Miriam Collins-Palm Beach Labs. Co.,*
    1986 WL 3584 (E.D. Pa. 1986) .............................................................................13

*Nilssen v. Osram Sylvania, Inc.,*
    2001 WL 34368395 (D. Del. May 1, 2001)............................................................5

*Osteotech, Inc. v. GenSci Regeneration Scis., Inc.,*
    6 F. Supp. 2d 349 (D. N.J. 1998) ........................................................................6, 7

*Virgin Wireless, Inc. v. Virgin Enters. Ltd.,*
    201 F. Supp. 2d 294 (D. Del. 2002)............................................................ *passim*

*Weisler v. Barrows,*
    2006 WL 3201882 (D. Del. Nov. 6, 2006) ....................................................5, 9, 12

*Zelenkofske Axelrod Consulting, LLC v. Stevenson,*
    1999 WL 592399 (E.D. Pa. Aug. 5, 1999) .............................................................9

## STATUTES

28 U.S.C. § 1404(a) ....................................................................................................5, 15

iii

## PRELIMINARY STATEMENT

In their opposition brief ("Opp."), plaintiffs ignore the principal reason why this case should be transferred or stayed: it is subsumed in a much broader shareholder derivative action pending in federal district court in Los Angeles, California (the "California Derivative Action").[1] Because only transferring this action to the Central District of California (or alternatively staying it) will avoid the needless waste of judicial and party resources and the risk of inconsistent legal and factual determinations that would occur were this case to proceed simultaneously with the California action, defendants' motion to transfer or stay should be granted.

Because of the much greater breadth of the California Derivative Action, the factual and legal issues in that action cannot be resolved in the present matter, which concerns only the Board's decision to repurchase Countrywide stock in November 2006 and May 2007. Conversely, all of the issues in this case necessarily will be addressed in the California Derivative Action. More specifically, the present case contains one claim for relief arising out of one discrete set of factual allegations – the alleged breach of fiduciary duty in connection with the Company's repurchase of stock in November 2006 and May 2007. This identical claim on behalf of the same entity (Countrywide) has been asserted in the California Derivative Action. The California Derivative Action also contains additional factual allegations and claims for relief under the federal securities laws and state law that are not present in this case. In particular, the California Derivative Action challenges the conduct of Countrywide officers and directors from 2004 to the present concerning, among other things, Countrywide's lending practices, financial reporting and other public disclosures, and internal controls. In addition to a fiduciary duty claim arising out of Countrywide's stock repurchase transaction, the California Derivative

---

[1] *See In re Countrywide Financial Corp. Deriv. Litig.*, United States District Court for the Central District of California, Lead Case. No. 07-CV-06923-MRP (MANx).

Action asserts claims for violations of the federal securities laws, California statutory law, and Delaware fiduciary duty law based on allegedly intentional misrepresentations and material omissions in the Company's SEC filings and other public disclosures, alleged trading of stock by Countrywide officials while supposedly in possession of material non-public information, allegedly approving excessive compensation for the Company's Chief Executive Officer, alleged gross mismanagement, and supposed failure to implement adequate internal control and compliance systems.

In short, because of the broader scope of the California Derivative Action, it will need to proceed whether or not the present case is transferred (or stayed). Simultaneous litigation of the present case in this Court thus would be unnecessarily wasteful and would pose the risk of inconsistent legal and factual rulings as to the same legal and factual issues.

Plaintiffs do not address, much less dispute, the inefficiency, waste of resources, and risk of inconsistent rulings that would arise if this matter were allowed to proceed simultaneously with the California Derivative Action. Instead, plaintiffs raise two meritless arguments as grounds for allowing this action to proceed here. First, plaintiffs contend that the "first-filed" doctrine weighs in favor of this action moving forward here. That doctrine, however, does not apply here because it is premised on the "first filed" action being "truly duplicative" of a second, later filed action. *Compl. of Bankers Trust Co. v. Chatterjee*, 636 F.2d 37, 40 (3d Cir. 1980). The California Derivative Action, however, is much broader than the present case, subsuming all of its legal and factual allegations but also containing numerous other factual allegations and legal claims that are not at issue here. In any event, simply being the first to file a case asserting a particular claim does not override a court's ability to consider the interests of judicial economy and the need to avoid the risk of inconsistent judgments, which here weigh heavily in favor of

2

transfer or stay. *See, e.g., Virgin Wireless, Inc. v. Virgin Enters. Ltd*, 201 F. Supp. 2d 294, 299-301 (D. Del. 2002).

Plaintiffs also argue that this case should remain in Delaware because under *Blasband v. Rales*, 971 F.2d 1034 (3d Cir. 1992), they supposedly will retain their standing to pursue this derivative lawsuit when Countrywide merges with Bank of America Corporation ("BAC") and plaintiffs no longer are Countrywide shareholders. Opp. at 22-23 (D.I. 52). This assertion is untrue and legally irrelevant. What if any rights plaintiffs will have to pursue derivative claims on behalf of Countrywide after it is merged into BAC, and its shareholders cease being Countrywide shareholders and become BAC shareholders, is governed by Delaware substantive law, regardless of where this case is litigated. Delaware substantive law is clear that, after a corporation merges into another corporation, any claims a plaintiff seeks to assert derivatively on his corporation's behalf pass to the acquirer corporation (here BAC) and may no longer be asserted derivatively on behalf of the merged corporation. *See, e.g., Lewis v. Ward*, 852 A.2d 896, 903-04 (Del. 2004); *Lewis v. Anderson*, 477 A.2d 1040, 1046 & n.10, 1049 (Del. 1984).

In sum, transferring this action to the Central District or staying it pending resolution of the California Derivative Action will avoid the waste inherent in duplicative litigation and will eliminate the risk of inconsistent rulings. Alternatively, should the Court determine that transfer is inappropriate, this matter should be stayed pending disposition of the California Derivative Action. Indeed, the Los Angeles Superior Court has done just that with respect to shareholder derivative claims brought on Countrywide's behalf in that court, staying those claims in favor of the same claims in the broader California Derivative Action. *See In re Countrywide Fin S'holder Deriv. Litig*, Lead Case No. BC375275, Notice of Proceedings at 1 (Cal. Super. Mar. 18, 2008) (attached to Declaration of Stuart M. Glass ("Glass Decl.") as Exhibit B). This Court

should do the same. Plaintiffs' opposition does not even address Defendants' request for a stay, much less articulate any reasons why a stay would not be appropriate.

## ARGUMENT

**I.    THIS ACTION SHOULD BE TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA.**

      **A.    The Interests Of Justice Favor Transfer To The Central District Of California.**

            **1.    Transfer Would Best Serve The Interests Of Judicial And Party Economy And Would Avoid The Risk Of Inconsistent Rulings.**

Transferring this action to the Central District of California for consolidation with the California Derivative Action is the best way to conserve party and judicial resources and avoid inefficiencies and the risk of inconsistent judgments. The present case is a subset of the much broader California Derivative Action and will accomplish nothing that the California Derivative Action will not accomplish on its own. Both cases are brought on behalf of Countrywide and both assert a claim for breach of fiduciary duty in connection with the Company's repurchase of its own stock in November 2006 and May 2007. The California Derivative Action, however, also alleges misconduct concerning the Company's lending practices, financial reporting and other disclosures to the investing public, and the adequacy of its internal controls from 2004 forward and asserts various legal claims for relief under the federal securities laws, California statutory law, and Delaware fiduciary duty law. *See* D.I. 44 Ex. A. None of those other factual allegations or legal claims for relief is present in the case pending in this Court. The California Derivative Action, therefore, will need to proceed whether or not the present case is transferred (or stayed) in order to resolve all derivative claims asserted on behalf of Countrywide in the California action.

4

As the United States Supreme Court has squarely said, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Continental Grain Co. v. FBL-585,* 364 U.S. 19, 26 (1960). In considering a motion to transfer where two jurisdictions were faced with the same legal claims, the Third Circuit also has recognized that "the most important factor is the avoidance of duplicative litigation: Adjudicating almost identical issues in separate fora would waste judicial resources." *In re Amendt*, No. 05-2458, 2006 WL 358731, at *3 (3d. Cir. Feb. 16, 2006) (non-precedential). Likewise, this Court itself has granted motions to transfer based on the presence of related cases in multiple jurisdictions, observing that "[i]t would be a waste of judicial resources" to allow cases predicated on the same underlying factual allegations and involving the same or similar parties to "progress in parallel." *Virgin Wireless,* 201 F. Supp. 2d at 301; *accord Nilssen v. Osram Sylvania, Inc.*, 2001 WL 34368395, at *4 (D. Del. May 1, 2001) ("If related cases are pending in the district to which transfer is sought, such fact weighs in favor of the transfer"); *Weisler v. Barrows*, 2006 WL 3201882, at *3 (D. Del. Nov. 6, 2006) ("[w]here related lawsuits exist, it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court").

Here, the California Derivative Action is significantly broader than the present case, which is subsumed in the California Derivative Action. *See supra* at 1-3. Although all of the claims and issues here will be adjudicated in the California Derivative Action, the converse is not true – the California Derivative Action contains both factual allegations and claims for legal relief that appear nowhere in the present case before this Court. For just this reason, courts frequently transfer cases to other jurisdictions where a broader related action is pending.

For example in *Devorris v. Cummings Inc.*, 2007 WL 1875816, at *8 (W.D. Pa. June 27, 2007), the district court granted defendant's motion to transfer the case from Pennsylvania to Tennessee because otherwise there would be a "needless waste of judicial resources that would result from trying one small aspect of a much wider dispute here in Pennsylvania." The district court noted that the litigation in Tennessee involved additional parties and several additional issues and that "the existence of a wider dispute in Tennessee, to which [the plaintiff] is already a party, makes the continuation of an action in this Court a waste of valuable judicial resources." *Id.* at *9.; *accord Osteotech, Inc. v. GenSci Regeneration Scis., Inc.*, 6 F. Supp. 2d 349, 359 (D. N.J. 1998) (transferring case to California for reasons of efficiency because "the California Action engulfs the New Jersey Action").

Indeed, the federal district judge presiding over the California Derivative Action – as well as the parties themselves in that action – recognize the efficiency of litigating all related derivative claims together, and support the transfer of this case. During a hearing on March 20, 2008 in the California Derivative Action before federal District Judge Pfaelzer, the parties and the court discussed the desirability of litigating all of the related derivative claims – including this one – in federal court in California:

> [PLAINTIFFS' COUNSEL]: . . . I want to point out that we do have an agreement on one thing. Defendants agree that the derivative claims should be decided in this court. In fact, they have filed a motion to transfer a derivative case that was filed in Delaware Federal Court out here.
>
> DISTRICT JUDGE PFAELZER: That seems to me to be a perfectly good suggestion.

March 20, 2008 Transcript (Glass Decl. Ex. C) at 72:17-22.

6

2.    **The First-Filed Doctrine Is Inapplicable Here And In Any Event Does Not Prevent Transfer.**

i.    **The First-Filed Doctrine Does Not Apply.**

Plaintiffs argue that transfer is inappropriate because the *IBEW* amended complaint was the first case filed that mentioned the stock repurchase transaction. *See* Opp. at 20-21. The first-filed doctrine, however, does not apply here. The first-filed rule only applies to multiple cases in different jurisdictions involving the same facts, claims and parties, such that the proceedings are "truly duplicative." *Compl. of Bankers Trust Co.*, 636 F.2d at 40. Its purpose is to preserve judicial and party resources and avoid duplicative litigation. *APV v. Sig Simonazzi*, 295 F. Supp. 2d 393, 396 (D. Del. 2002). It "gives a court the power to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *EEOC v University of Penn.*, 850 F.2d 969, 971 (3d Cir. 1988), *aff'd* 493 U.S. 182 (1990). Here, however, the present case and the California Derivative Action are not "truly duplicative."

More specifically, although the two cases both contain the stock repurchase claim, such that the present case is subsumed in the California Derivative Action, the California case is much broader and contains numerous factual allegations and legal claims and parties not at issue in the present proceeding. *See supra* at 3-4. In these circumstances, the first-filed rule does not apply. *See, e.g., APV*, 295 F. Supp. 2d at 396-98 (holding that first-filed rule did not apply where cases concerned different sets of facts and different claims); *Osteotech*, 6 F. Supp. 2d at 357 (same); *Devorris*, 2007 WL 1875816, at *6 (same). In *Devorris*, the court ruled that the first-filed rule did not apply because while the two cases in different jurisdictions had an overlap of certain facts, claims and parties, the second-filed case was much "wider" such that it would have to proceed regardless and therefore the cases were not "truly duplicative." 2007 WL 1875816, at

7

*6-8. The same is true here.[2] Because of its far greater breadth, the California Derivative Action will need to proceed regardless of whether the present case is transferred or stayed. As a result, not transferring this action for consolidation with the California Derivative Action would duplicate judicial and party resources unnecessarily.

ii.    **Even If The First-Filed Rule Applied, It Would Not Prevent Transfer In These Circumstances.**

Even if the first-filed rule applied, it would not override considerations of judicial economy, efficiency and avoiding the risk of inconsistent judgments – considerations that overwhelmingly favor transfer or stay here. As the Third Circuit has made clear, the first-filed rule "is not a rigid or inflexible rule to be mechanically applied" – rather, "[t]he letter and spirit of the first-filed rule . . . are grounded on equitable principles." *EEOC*, 850 F.2d at 976-77. This Court and many others also have granted motions to transfer to jurisdictions in which later-filed actions were pending. *See, e.g., Arrow Commc'n Labs., Inc. v. John Mezzalingua Assocs., Inc.*, 2005 WL 2786691, at *2-*4 (D. Del. Oct. 26, 2005); *Virgin Wireless, Inc.*, 201 F. Supp. 2d at 299-301.

For example, in granting a motion to transfer to the jurisdiction of a later-filed suit, this Court found it "compelling" that the later-filed suit was "predicated on the same transactions and occurrences" as the first-filed suit and involved many of the same parties. *Virgin Wireless*, 201

---

[2] In any event, it is far from certain that the amended complaint filed on September 14, 2007 by plaintiff IBEW should be treated as the first-filed case. As Defendants argued in their opening brief in support of their motion to dismiss [D.I. 47 at 31-32], IBEW does not have standing to maintain this ostensible derivative action. Plaintiffs do not address IBEW's standing in their opposition. Rather, they argue that plaintiff Blumberg has standing, submitting with the opposition a verification from Mr. Blumberg as to his share ownership [D.I. 54]. Blumberg, however, did not file his complaint until November 6, 2007, weeks *after* the California Derivative Action had been filed. Plaintiffs have not submitted any verification of IBEW's share ownership so there is nothing in the record demonstrating that IBEW is a current Countrywide

F. Supp. 2d at 301. The Court rejected plaintiff's suggestion – similar to that made by plaintiff here, *see* Opp. at 22 – that the second-filed New York suit should instead be transferred to Delaware, the first-filed jurisdiction. *Id.* New York was the "center of operative facts," and it would have been "a waste of judicial resources" to allow the cases to proceed simultaneously. *Id.* at 300-01. Likewise, in *Weisler*, also an ostensible shareholder derivative action, this Court granted a motion to transfer the case to the District of Massachusetts even though the Delaware case had been filed one month before the Massachusetts cases. The Court found compelling the same factors that are present here, including that transfer permitted the Massachusetts court to consolidate related actions. 2006 WL 3201882, at *3.[3]

Here, the single claim asserted in the present case is also asserted in the much broader California Derivative Action. Plaintiffs concede this, *see* Opp. at 23, but then argue that the California complaint gives the issue of Countrywide's stock repurchase transaction less attention than the present case. *Id.*[4]    That is simply not true. The stock repurchase transaction is addressed extensively in the complaint in the California Derivative Action, as well as in the

---

shareholder and has been a shareholder continuously from the time of the transactions of which it complains.

    [3] None of the cases cited by plaintiffs support their argument that transfer to California should be denied because this action was first-filed. Opp. at 21-22. Rather, plaintiffs' cases confirm that the first-filed rule is not a "mandate directing wooden application," and actually support transfer to the Central District of California here because this action is entirely subsumed by the much broader California Derivative Action. In *EEOC* and *Factors*, for example, the courts refused to rigidly apply the first-filed rule and allowed later-filed cases to proceed. *EEOC*, 850 F.2d at 971; *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218-19 (2d Cir. 1978). And, in *Corwin*, the court deferred to the action that was "broader in scope" and most capable of ensuring complete justice, which, in the case at bar, obviously is the California Derivative Action. *Corwin v. Silverman*, 1999 WL 499456, at *4 (Del. Ch. June 30, 1999). Furthermore, plaintiffs' citation to *Zelenkofske* is inapposite because there, unlike here, the competing cases involved precisely the same legal and factual issues. *Zelenkofske Axelrod Consulting, LLC v. Stevenson*, 1999 WL 592399, at *2 (E.D. Pa. Aug. 5, 1999).

9

parties' briefs concerning the defendants' motions to dismiss that action for failure to make demand on the Board of Directors prior to filing that litigation. *See* D.I. 44 Ex. A. at ¶¶ 324, 328, 332.[5]

### 3. Plaintiffs' Argument About Post-Merger Standing Misstates Governing Delaware Law.

Plaintiffs also argue that this case should remain in Delaware because under *Blasband v. Rales*, 971 F.2d 1034 (3d Cir. 1992), they supposedly will retain their standing to pursue this derivative lawsuit when Countrywide merges with BAC and plaintiffs no longer are Countrywide shareholders. Opp. at 22-23. This assertion is untrue and legally irrelevant. What if any rights plaintiffs will have to pursue derivative claims on behalf of Countrywide after it is merged into BAC, and its shareholders cease being Countrywide shareholders and become BAC shareholders, is governed by Delaware substantive law, regardless of where this case is litigated. *See, e.g., Heit v. Tenneco, Inc.*, 319 F. Supp. 884, 886 (D. Del. 1970). Delaware substantive law is clear that, except in two limited circumstances not applicable here, "[a] plaintiff who ceases to be a shareholder, whether by reason of a merger or for any other reason, loses standing to continue a derivative suit after a corporation merges into another corporation." *Ward*, 852 A.2d at 903-04. Any claims a plaintiff seeks to assert derivatively on his corporation's behalf pass to

---

[4] Plaintiffs' reference (Opp. at 23) to the complaint in *New England Teamsters, et al. v. Mozilo, et al.*, Los Angeles Superior Court, Case No. BC379944, is inapposite because that case was voluntarily dismissed.

[5] In addition, the fact that the motions to dismiss in the California Derivative Action have been fully briefed and argued also supports transfer because a well-recognized exception to the first-filed rule is where "the second-filed action had developed further than the initial suit." *EEOC*, 850 F.2d at 976; *Virgin Wireless*, 201 F. Supp. 2d at 301 (same). Along these lines, transferring this case will not cause any undue delay. Opp. at 21. As the court said in *In re Collins & Aikman Corp. Sec. Litig.*, "the present action is still in its infancy – no discovery has yet occurred . . . and the parties have only recently completed briefing defendants' multiple motions to dismiss. Thus, there are still significant efficiency gains to transferring this action to a district where it can be coordinated with related actions." 438 F. Supp. 2d 392, 399 n.7 (S.D.N.Y. 2006).

10

the acquirer corporation (here BAC) and may no longer be asserted derivatively on behalf of the merged corporation. *Id.*

*Blasband* involved different factual circumstances than those at issue in *Anderson*, *Ward*, and here. In *Blasband*, plaintiff brought a derivative action on behalf of the surviving company *after* the consummation of a merger. Plaintiff was not attempting to maintain a lawsuit on behalf of an entity that had been merged into another. 971 F.2d at 1038-39, 1043. As a shareholder of one of the former entities, the plaintiff in *Blasband* received shares of the successor company as part of a merger, and brought a claim on behalf of that entity relating to conduct that took place prior to the transaction. *Id.* at 1038-39. The question addressed in *Blasband*, therefore, was whether or not the plaintiff had the "ability to proceed double derivatively in the name of [the acquiring company]", not, as here, whether the plaintiff maintains standing to proceed derivatively in the name of the former company after the merger. *Blasband*, 971 F.2d at 1043; *Ward*, 852 A.2d at 903. Accordingly, as recognized in *Lewis v. Ward* in 2004, the Third Circuit's decision in *Blasband* is "immaterial" to the decision whether plaintiffs retain standing post merger to sue on behalf of Countrywide. 852 A.2d at 903.

In short, the governing law of Delaware is clear – upon the consummation of the Countrywide/BAC merger, Countrywide shareholders will become BAC shareholders, any claims plaintiffs are seeking to prosecute derivatively on Countrywide's behalf will pass by operation of law to BAC, and plaintiffs (assuming they today have standing) will no longer have standing to pursue derivative claims on Countrywide's behalf.[6] As such, plaintiffs' post-merger standing argument is not only entirely meritless, it is also a legally irrelevant red herring.[7]

---

[6] If plaintiffs remain shareholders of Countrywide, they will receive shares of BAC upon consummation of the merger. At that time, they may consider whether to attempt to assert

11

**B.    Other Relevant Private and Public Interest Factors Also Strongly Favor Transfer to the Central District of California.**

In the Opposition, plaintiffs do not dispute that the relevant private and public interest factors to be considered in determining a motion to transfer overwhelmingly favor transfer of this case to the Central District of California. *See* Opening Br. at 8-17. Specifically, plaintiffs do not dispute that:

- Venue and jurisdiction are proper in the Central District of California. *Id.* at 9;

- Because this is an ostensible derivative action brought by plaintiffs who are not residents of Delaware and who have not asserted any direct claims for relief, their choice of forum is entitled to little weight. *Id.* at 9-11; *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947);

- The material events alleged in the Complaint took place in California and none of them is alleged to have occurred in Delaware. *See* Opening Br. at 11-12; *Arrow*, 2005 WL 2786691, at *1 (transferring case to district where the alleged wrongdoing occurred); *Brown ex rel. FoxMeyer Drug Co. v. C.D. Smith Drug Co*, 1999 WL 709992, at *7 (D. Del. Aug. 18, 1999) (same); *Weisler*, 2006 WL 3201882, at *3 (same);

- The Central District of California is more convenient for the parties and the witnesses. *See* Opening Br. at 12-14; and

- Transfer to the Central District of California should result in a quicker resolution of the case. *Id.* at 17.

---

derivative claims on behalf of BAC and whether they will need to make a demand on the BAC board of directors.

[7] Plaintiffs' citation to *In re Caremark Int'l. Inc. Deriv. Litig.*, 698 A.2d 959, 972 n.30 (Del. Ch. 1996) is disingenuous. Opp. at 22. Any argument that the dicta in *Caremark* can be interpreted to mean that shareholders do not lose standing to maintain derivative claims after a merger would fly in the face of the clear holding to the contrary in *Lewis*, 852 A.2d at 903-04.

12

Plaintiffs do not dispute that a California forum will be more convenient for the parties and the witnesses, but contend that convenience "is not relevant here" because they "believe" that this Court will grant them summary judgment so no trial will be necessary and no one will be inconvenienced. Opp. at 20. Notwithstanding plaintiffs' presumptuousness regarding how this Court would rule if presented with such a motion, however, filing a motion for summary judgment would be premature unless they first can persuade the Court that it should not dismiss this case for failure to make demand on the Countrywide Board of Directors before filing this litigation. (As explained in Countrywide's motion to dismiss for failure to make demand, plaintiffs have not alleged any facts – let alone facts pleaded with the required particularity – that satisfy the "strict," "onerous," and "exacting" standard under Delaware law for excusing demand on a board of directors. *See* D.I. 47) Indeed, plaintiffs some months ago filed a motion for partial summary judgment, which Magistrate Judge Thynge denied as premature because the threshold issue of demand had not been briefed nor addressed by the Court. *See* D.I. 35.

In any event, the merits of the parties' claims and defenses are not to be considered in deciding a motion to transfer. "[U]nless [defendant's] defense is obviously frivolous the motion for transfer must be evaluated as if trial will commence." *Central States, Southeast & Southwest AEAS Pension Fund v. Advance Plumbing & Heating Supply Co.*, 1990 WL 6826, at *3 (N.D. Ill. Jan. 4, 1990). In *Central States, Southeast & Southwest AEAS Pension Fund v. Kurtz Gravel Co.*, plaintiff argued that transfer would be inappropriate because it was "unlikely" there would be a trial and, in plaintiff's view, the case was "ripe for summary judgment, rendering any concerns over witness and party convenience merely academic." 1998 WL 684216, at *1 (N.D. Ill. Sept. 18, 1998) (internal quotation marks and ellipsis omitted). The district court disagreed, declining "to decide the relative merits of [the] claims on a motion to transfer." *Id.*; *accord Myer*

13

*v. Miriam Collins-Palm Beach Labs. Co.*, 1986 WL 3584, at *3 (E.D. Pa. Mar. 17, 1986) (rejecting argument in opposition to transfer that "presupposes that plaintiff's claim is meritorious").

## II.  ALTERNATIVELY, THIS ACTION SHOULD BE STAYED IN FAVOR OF THE CALIFORNIA DERIVATIVE ACTION.

This action alternatively should be stayed if the Court were to decline to transfer it to the Central District where the broader California Derivative Action is pending. *See* Opening Br. at 18-20. For the same reasons that warrant transfer or a stay here, the Los Angeles Superior Court has already stayed parallel derivative litigation pending there (the "California State Derivative Action") in favor of the California Derivative Action. On March 17, the Honorable Victoria Chaney of the Los Angeles Superior Court held a hearing on the California State Derivative Action defendants' motion to stay. At that hearing, Judge Chaney agreed with the defendants and issued an order tentatively staying the California State Derivative Action "for reasons of judicial economy and to avoid the potential for inconsistent rulings." *In re Countrywide Fin. S'holder Deriv. Litig.*, Lead Case No. BC375275, Notice of Proceedings at 1 (Cal. Super. Mar. 18, 2008) (Glass Decl. Ex. B). At a status conference on March 26, 2008, Judge Chaney indicated her intent to keep the stay in place. All parties subsequently submitted a joint proposed order making the tentative stay ruling final. *Id.*, [Proposed] Order Granting Defendants' Motion to Stay (Cal. Super. Apr. 14, 2008) (Glass Decl. Ex. D). Should this Court not transfer this action, it too should stay this action in favor of the California Derivative Action "for reasons of judicial economy and to avoid the potential for inconsistent rulings." *Id.*[8]

---

[8] The Opposition does not address the merits of Defendants' alternative stay request, but simply asserts that "[t]he factors that weigh against transfer also militate against a stay." Opp. at 24.

14

## CONCLUSION

For the reasons set forth in Defendants' Opening Brief and herein, Defendants respectfully request that this action be transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Central District of California or alternatively stayed during the pendency of the California Derivative Action.

Thomas A. Beck (#2086)
beck@rlf.com
Steven Fineman (#4025)
fineman@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19801
(302) 651-7700

*Attorneys for Defendants Angelo R. Mozilo,*
*Henry G. Cisneros, Robert L. Donato, Harley*
*W. Snyder, Jeffrey M. Cunningham, Martin R.*
*Melone, Robert T. Parry, Oscar P. Robertson,*
*Keith P. Russell, and Nominal Defendant*
*Countrywide Financial Corporation*

OF COUNSEL:

Brian E. Pastuszenski
Stuart M. Glass
Brian C. Devine
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts  02109
(617) 570-1000

Dated:  May 12, 2008

15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Robert D. Goldberg, Esquire
Biggs & Battaglia
921 North Orange Street
P.O. Box 1489
Wilmington, DE 19899

Edward P. Welch, Esquire
Edward B. Micheletti, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square, P.O. Box 636
Wilmington, DE 19899-0636


Steven J. Fineman (#4025)
fineman@rlf.com
Richards, Layton & Finger
One Rodney Square
PO Box 551
Wilmington, DE  19899

RLF1-3177065-1