**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

|   |   |
|---|---|
| IN RE COUNTRYWIDE FINANCIAL CORPORATION DERIVATIVE LITIGATION | Master Docket No. 1:07-cv-00372(SLR) <br><br> (Consolidated Action) <br> Judge Sue L. Robinson |

**DEFENDANTS MICHAEL E. DOUGHERTY AND KATHLEEN BROWN'S WITHDRAWAL OF THEIR JOINDER IN SUPPORT OF COUNTRYWIDE DEFENDANTS' MOTION TO TRANSFER VENUE OR ALTERNATIVELY TO STAY**

Defendants Michael E. Dougherty and Kathleen Brown, former directors of Countrywide Financial Corporation (collectively, the "Former Directors"), hereby withdraw their motion to join in the pending Motion to Transfer Venue or Alternatively to Stay filed on February 27, 2008 by Defendants Countrywide Financial Corporation ("Countrywide" or the "Company"), Angelo R. Mozilo, Henry G. Cisneros, Robert L. Donato, Harley W. Snyder, Jeffrey M. Cunningham, Martin R. Melone, Robert T. Parry, Oscar P. Robertson, and Keith P. Russell (collectively, the "Countrywide Defendants"). As explained further below, the Former Directors respectfully request that the Court deny the motion to transfer venue or in the alternative to stay.

**BACKGROUND**

1. About five months ago, on February 27, 2008, the Former Directors filed a one-page motion joining in the Countrywide Defendants' motion to transfer this action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Central District of California or

in the alternative to stay this action ("Motion to Transfer"). (D.I. 38). At that time, a later-filed case was pending against Mr. Dougherty in the United States District Court for the Central District of California, which asserted a broad range of both derivative and class action claims ("California Action"). Ms. Brown was not named as a party to the California Action.

2. On March 14, 2008, Mr. Dougherty moved to dismiss the California Action. After full briefing and oral argument, the Court dismissed all claims against Mr. Dougherty on May 14, 2008. *See In re Countrywide Fin. Corp. Derivative Litig.*, C.A. No. CV-07-06923-MRP, 2008 U.S. Dist. LEXIS 40754 (C.D. Cal. May 14, 2008).

3. Due to these changed circumstances, the Former Directors – neither of whom are parties to the California Action – no longer join in the Countrywide Defendants' Motion to Transfer. For the reasons stated below, the Former Directors respectfully request that such motion be denied.

## ARGUMENT

4. A court may transfer an action pursuant to 28 U.S.C. § 1404(a) to any other district where the action might have been brought if it determines that such transfer would promote the convenience of the parties and witnesses and would be in the interests of justice. In making this determination, "a plaintiff's choice of forum is accorded substantial weight and venue is transferred only if the defendant truly is regional (as opposed to national) in character." *Ace Capital v. Varadam Found.*, 392 F. Supp. 2d 671, 673 (D. Del. 2005) (Robinson, J.) (denying motion to transfer) (internal citations omitted); *Argos v. Orthotec LLC*, 304 F. Supp. 2d 591, 598 (D. Del. 2004) (Robinson, J.) (holding that a "transfer is not to be liberally granted").

5. "The burden of establishing the need to transfer rests with the movant to establish that the balance of convenience of the parties and witnesses ***strongly favors*** the

defendants." *Kuck v. Veritas Software Corp.*, C.A. No. 04-831-SLR, 2005 U.S. Dist. LEXIS 823, at *4 (D. Del. Jan. 14, 2005) (internal citations omitted) (emphasis added) (denying motion to transfer). Specifically, the movant "must prove that litigating in Delaware would pose a '***unique or unusual burden***' on their operations" for the court to transfer venue." *Ace Capital*, 392 F. Supp. 2d at 673-74 (internal citations omitted) (emphasis added). Accordingly, "[u]nless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail." *Kuck*, 2005 U.S. Dist. LEXIS 823, at *4.[1]

      6.      Here, litigating in Delaware would not impose a "unique or unusual burden" on any of the defendants, and the balance of convenience of the parties and witnesses does not "strongly favor" transferring this case to the United States District Court for the Central District of California. Accordingly, the Court should deny the Motion to Transfer.

      7.      There are several reasons why the Court should deny the Motion to Transfer. *First*, this case involves a shareholder derivative action brought on behalf of nominal defendant Countrywide – a Delaware corporation – against its current and former directors. This

---

[1] While there is no definitive formula a court must consider when deciding a transfer motion, the Third Circuit has developed a list of potential private and public factors to assist district courts in deciding whether to transfer a case to another district court. The private interests include: (1) plaintiff's forum preference as manifested in the original choice; (2) defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The Countrywide Defendants have not met their burden to show that these private and public factors weigh strongly in favor of transfer. To the contrary, the relevant factors balance in favor of maintaining this suit in the District of Delaware.

Court has routinely denied motions to transfer venue on the ground that the State of Delaware has an interest in resolving litigation regarding companies incorporated within its jurisdiction. *See Ace Capital*, 392 F. Supp. 2d at 676 (denying motion to transfer where defendant was incorporated in Delaware); *Kuck*, 2005 U.S. Dist. LEXIS 823, at *4 (refusing to transfer case to the Northern District of California on ground that defendant company has enjoyed the benefits and protections of incorporation in Delaware and the state has an interest in litigation regarding companies incorporated within its jurisdiction); *BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 589 (D. Del. 2004) (Robinson, J.) (denying motion to transfer because Delaware has an interest in litigation regarding companies incorporated within its jurisdiction); *Tsoukanelis v. Country Pure Foods, Inc.*, 337 F. Supp. 2d 600, 604 (D. Del. 2004) (Robinson, J.) (accord); *Argos*, 304 F. Supp. 2d at 598 (accord); *Turn of the Century Solution, L.P. v. Int'l Rectifier Corp.*, C.A. No. 05-816-SLR, 2006 U.S. Dist. LEXIS 39893, at *7 (D. Del. June 15, 2006) (accord); *Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*, C.A. No. 06-505-SLR, 2006 U.S. Dist. LEXIS 91969, at *9 (D. Del. Dec. 19, 2006) (accord); *J-Squared Techs., Inc. v. Motorola, Inc.*, C.A. No. 04-960-SLR, 2005 U.S. Dist. LEXIS 2258, at *8 (D. Del. Feb. 5, 2005) (accord). The Court should follow this well-settled precedent and deny the Motion to Transfer.

        8.    *Second*, the District of Delaware is an appropriate forum for applying Delaware state law to resolve the narrow issue in this case.[2]  *See, e.g., Alcoa Inc. v. Alcan Inc.*, C.A. No. 06-451-SLR, 2007 U.S. Dist. LEXIS 47652, at *12 (D. Del. July 2, 2007) (noting that

---

[2]    The parties agree that Delaware state law governs the claims in this action. *See, e.g.,* Plaintiffs' Brief In Opposition To Defendants' Motions To Dismiss And To Transfer Venue Or In The Alternative Stay, (acknowledging that their "claim is based on Delaware law"). (Pls' Opp. Br. at 1; D.I. 52)

for obvious reasons the State of Delaware has an interest in resolving litigation involving Delaware law, which weighs against transfer). Unlike the later-filed California Action that asserts a broad range of largely unrelated, complex claims relating to, among other things, Countrywide's loan practices,[3] this action involves a discrete issue challenging Countrywide's stock repurchase program implemented in November 2006 and May 2007. A transfer of this case to California, or a stay in favor of the California Action, would prejudice the Former Directors *who are not parties to the California Action*. It would also delay adjudication over this limited issue. Indeed, this action could potentially be resolved if the Court grants the Former Directors' motion to dismiss, which is already on file with the Court along with supporting briefs. (D.I. 39, 42, 56). Moreover, as Defendants argue in their Post-Merger Motion to Dismiss, Plaintiffs lost standing to pursue their claims following the July 1, 2008 merger between Countrywide and Bank of America Corporation, and, therefore, they may not be able to continue to prosecute this action. (D.I. 67). For these reasons, the Court should deny the Motion to Transfer and, instead, decide the potentially dispositive motion to dismiss pending before the Court.

        9.    *Third*, the Countrywide Defendants have not provided specific information about any witnesses being unavailable or unwilling to travel to Delaware in the

---

[3] For example, the California Action currently asserts, among other things: (i) state-law derivative claims alleging that the existing Countrywide directors breached their fiduciary duties by mismanaging the company and failing to properly oversee the company's loan origination practices; (ii) federal securities claims alleging that defendants violated Section 10(b) of the Exchange Act by engaging in insider trading and aiding and abetting the insider trading and Section 14(a) and Rule 14(a)-9 for issuing false and misleading statements regarding the financial state of Countrywide; and (iii) class action claims alleging that the current board breached its fiduciary duties when it approved the merger with Bank of America. On March 28, 2008, the Court stayed the class action claims in favor of similar proceedings in the Delaware Court of Chancery. *See In re Countrywide Fin. Corp. Derivative Litig.*, 2008 U.S. Dist. LEXIS 40754 (C.D. Cal. May 14, 2008).

event that discovery was to proceed and this case was to go to trial.[4] *See Tsoukanelis*, 337 F. Supp. 2d at 604 (denying motion to transfer where defendant has not specifically indicated any witnesses who would be unable or unwilling to appear in Delaware, nor any documents that would be too burdensome to ship to Delaware); *BAE Sys. Aircraft Controls, Inc.*, 224 F.R.D. at 589 (denying motion to transfer venue where movants were unable to identify documents and witnesses that would potentially be unavailable for trial); *Argos*, 304 F. Supp. 2d at 598 (denying motion to transfer case involving a Delaware corporation because discovery easily may be facilitated given current means for electronic data storage and the use of overnight courier services).

        10.    In addition, by incorporating in Delaware and conducting business in Delaware, the Countrywide Defendants have "availed themselves of the laws of this State [and] . . . mere inconvenience is not a sufficient justification to set aside plaintiffs' choice of forum and transfer venue to the [United States District Court for the Central District of California]." *Ace Capital*, 392 F. Supp. 2d at 676; *Tsoukanelis*, 337 F. Supp. 2d 600 at 604 (denying motion to transfer; holding that the defendant voluntarily chose to incorporate in Delaware and avail itself of the laws of this state and, therefore, it cannot now claim that litigation in Delaware is too burdensome and warrants a transfer of venue); *Alcoa Inc.*, 2007 U.S. Dist. LEXIS 47652, at *11 (holding that defendants' complaints about litigating here are outweighed by the fact that defendants have enjoyed the benefits and protections of incorporation in Delaware); *ICU Med.,*

---

[4] On this point, it is worth noting that Plaintiffs have taken the position that it is unlikely that this case would even proceed to trial because "[t]here is no issue of fact to require a trial." (Pls' Opp. Br. at 20; D.I. 52).

*Inc. v. Rymed Techs., Inc.*, C.A. No. 07-468-JJF, 2008 U.S. Dist. LEXIS 4983, at *9 (D. Del. Jan. 22, 2008) (holding that the defendant chose to be a corporate citizen of Delaware and cannot now complain that it is involved in litigation in Delaware).

    11.  Moreover, this Court has held that any potential travel expenses and inconveniences that may occur would not be overly burdensome for a Delaware defendant, such as Countrywide, that conducts business worldwide.  *See, e.g., Turn of the Century Solution, L.P.*, 2006 U.S. Dist. LEXIS 39893, at *7-8; *Bacardi U.S.A., Inc.,* 2006 U.S. Dist. LEXIS 91969, at *9; *Alcoa Inc.*, 2007 U.S. Dist. LEXIS 47652, at *13; *Kuck*, 2005 U.S. Dist. LEXIS 823, at *4.  In fact, this Court recently held in *Cisco Systems, Inc. v. GPNE Corp.*, where it denied a motion to transfer:

> [R]emarkable is the fact that parties are still basing motions to transfer on the "convenience" of the parties, when it is undeniable that national corporations can and do operate their businesses via electronic communications; litigation is not substantially different and should not be treated as such. Consistent with the rationale I have employed for at least the last 10 years, that absent a truly regional defendant or critical witnesses that cannot be compelled to attend trial, Delaware (***especially for Delaware corporations such as GPNE***) is at least as convenient as any other forum.

C.A. No. 07-671-SLR, 2008 U.S. Dist. LEXIS 31877, at *7 (D. Del. Apr. 17, 2008) (emphasis added).

**CONCLUSION**

For all of the following reasons, the Countrywide Defendants' motion to transfer this case, or alternatively to stay the case, should be denied.

                                                                 */s/ Edward B. Micheletti*
                                                                  Edward P. Welch (I.D. No. 671)
Edward B. Micheletti (I.D. No. 3794)
Rachel Jacobs Barnett (I.D. No. 4876)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Rodney Square, P.O. Box 636
Wilmington, DE  19899
Tel.: (302) 651-3000
Fax:  (302) 651-3001
E-mail:  emich@skadden.com

Dated:  August 1, 2008                      *Attorneys for Defendants Michael E. Dougherty and Kathleen Brown*