IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE COUNTRYWIDE FINANCIAL CORPORATION DERIVATIVE LITIGATION<br>_____<br><br>THIS RELATES TO ALL ACTIONS | C.A. No. 1:07-00372 SLR (MPT)<br>(Consolidated Action)<br>Judge Sue L. Robinson |

**JOINDER IN DEFENDANTS' REPLY BRIEF IN SUPPORT
OF THEIR POST-MERGER MOTION TO DISMISS**

Defendants Michael E. Dougherty and Kathleen Brown (collectively, the "Former Directors"), by and through their undersigned counsel, respectfully join in the arguments and request for relief set forth in the Reply Brief in Support of Defendants' Post-Merger Motion to Dismiss, filed by individual defendants Angelo R. Mozilo, Henry G. Cisneros, Robert L. Donato, Harley W. Snyder, Jeffrey M. Cunningham, Martin R. Melone, Robert T. Parry, Oscar P. Robertson, and Keith P. Russell and nominal defendant Countrywide Financial Corporation ("Countrywide") (collectively, the "Countrywide Defendants") on August 13, 2008.

As the Countrywide Defendants explained in their opening and reply briefs in support of their Post-Merger Motion to Dismiss, Plaintiffs are attempting to avoid black letter Delaware corporation law that warrants dismissal of their action for lack of standing. Indeed, the Delaware Supreme Court has made clear that, once a plaintiff ceases to be a shareholder, whether by reason of a merger or otherwise, he or she loses standing to continue a derivative suit – ***regardless of whether the merger is a stock-for-stock merger or a cash out merger.*** *See Lewis v. Anderson*, 477 A.2d 1040, 1049 (Del. 1984) (affirming dismissal of derivative action; concluding that "8 *Del. C*. §§ 259, 261 and 327, read individually and collectively, permit one

result which is not only consistent but sound:  A plaintiff who ceases to be a shareholder, whether by reason of a merger or for any other reason, loses standing to continue a derivative suit"); *see also Feldman v. Cutaia*, No. 466, 2008 Del. LEXIS 249, at *8-9 (Del. May 30, 2008) (affirming dismissal of claims on ground that plaintiff lacked standing to pursue derivative claims following the merger; reaffirming that "[t]wenty-four years ago, in the seminal case of *Lewis v. Anderson*, this Court held that a corporate merger generally extinguishes a plaintiff's standing to maintain a derivative suit"); *Lewis v. Ward,* 852 A.2d 896, 901 (Del. 2004) (affirming dismissal of derivative action after finding that stock-for-stock merger extinguished plaintiffs' standing to pursue claims); *In re First Interstate Bancorp Consol. S'holder Litig.*, 729 A.2d 851, 868 (Del. Ch. 1998) (dismissing action on ground that plaintiff stockholders' ability to pursue derivative claims on behalf of First Interstate was extinguished as a result of the stock-for-stock merger with Wells Fargo), *aff'd sub nom. Bradley v. First Interstate Bancorp*, 748 A.2d 913 (Del. 2000).

For example, in *Lewis v. Ward* – a case, like here, involving a stock-for-stock merger – the Delaware Supreme Court explained that:

> When a merger eliminates a plaintiff's shareholder status in a company, it also eliminates her standing to pursue derivative claims on behalf of that company. Those derivative claims pass by operation of law to the surviving corporation, which then has the sole right and standing to prosecute the action. ***This Court and the Court of Chancery have consistently applied these well-established precepts of Delaware corporate law.***

852 A.2d at 901 (affirming dismissal of action on ground that plaintiff no longer had standing to pursue derivative claims following stock-for-stock merger) (emphasis added).  Likewise, the Delaware Court of Chancery has also consistently followed these principles to dismiss derivative actions arising from stock-for-stock mergers for lack of standing.  *See, e.g., Ash v. McCall*, C.A.

No. 17132, 2000 WL 1370341, at *11 (Del. Ch. Sept. 15, 2000) (dismissing action based on "settled Delaware law" that plaintiff lost standing to continue to pursue derivative claims following stock-for-stock merger); *In re Syncor Int'l Corp. S'holders Litig.*, 857 A.2d 994, 998 (Del. Ch. 2004) (dismissing plaintiff's derivative claims for lack of standing following a stock-for-stock merger because "a derivative shareholder must not only be a stockholder at the time of the alleged wrong and at time of commencement of suit, but must also maintain shareholder status throughout the litigation").  Courts from other jurisdictions have as well.  *See also, e.g., Prince v. Palmer*, 148 Fed. Appx. 249, 252 (6th Cir. 2005) (holding that under applicable Delaware law plaintiffs lost standing to pursue their derivative lawsuit following stock-for-stock merger).[1]

Based on these "well-established precepts of Delaware corporate law," Plaintiffs have lost standing to prosecute this derivative action following the July 1, 2008 merger between Countrywide and Bank of America Corporation.  *Ward*, 852 A.2d at 901.  To rule otherwise would undermine nearly twenty-five years of Delaware Supreme Court authority – as set forth in *Lewis v. Anderson*, *Lewis v. Ward*, *In re First Interstate*, and other cases – that conclude that a plaintiff's standing to assert derivative claims is extinguished by virtue of a merger, including, like here, a stock-for-stock merger.  477 A.2d at 1042-43; 852 A.2d at 897-98; 748 A.2d at 913.

Plaintiffs' reliance on *Blasband v. Rales* (which purported to apply Delaware substantive law) is misplaced because Delaware courts have expressly rejected its application of

---

[1] There are only two limited exceptions to the Delaware rule that a stock-for-stock merger extinguishes standing of a plaintiff to maintain a derivative action:  (1) where the merger itself is the subject of a claim of fraud, being perpetrated merely to deprive shareholders of the standing to bring a derivative action; and (2) where the merger is in reality a reorganization that does not affect plaintiff's ownership of the business enterprise.  *See Anderson*, 477 A.2d at 1047 n.10; *Ward*, 852 A.2d at 899.  Neither of these exceptions is applicable here, and Plaintiffs do not argue otherwise.

3

Delaware law as "inconsistent" with the "clear" holdings of controlling Delaware Supreme Court authority and have declined to follow it. *See In re First Interstate*, 729 A.2d at 868 (declining to follow *Rales* on ground that it is inconsistent with the Delaware Supreme Court's decision in *Lewis v. Anderson*, which is both "clear and controlling"); *see also Ward*, 852 A.2d at 906 (declining to follow *Rales* and holding that *Lewis v. Anderson* is the black letter law for post-merger standing); *Prince*, 148 Fed. Appx. at 252 (holding that "it is clear to us that the Delaware Supreme Court, whose interpretation of Delaware law binds us, does not recognize the double derivative standing found by the Third Circuit in *Rales*").

Moreover, Plaintiffs' suggestion that they can avoid dismissal on standing grounds by now claiming for the first time that their action is a "double derivative" case is meritless. Plaintiffs have clearly not attempted to make a demand on the Bank of America board, or plead a "double derivative" action on behalf of Bank of America. Accordingly, this action should be dismissed. *See, e.g., Ward*, 852 A.2d at 903-06 (Delaware Supreme Court rejecting notion that plaintiff could avoid dismissal on standing grounds by claiming action could proceed as a post-merger double derivative action where plaintiff made no attempt to file such an action); *In re First Interstate*, 729 A.2d at 868 n.18 (rejecting plaintiff's attempt to avoid dismissal on standing grounds based on theory that he could simply proceed "double derivatively" where he did not attempt to comply with the demand prerequisites for a double derivative action, or appropriately plead his case as a double derivative action).[2]

---

[2] In addition, there is reason to doubt whether Plaintiffs could even satisfy the continuous ownership rule in connection with any double derivative action. Pursuant to the continuous ownership rule, a plaintiff cannot assert claims on behalf of a company (here, a double derivative action on behalf of Bank of America) based on events that occurred before he or she acquired shares in that company. *Anderson*, 477 A.2d at 1046; 8 *Del. C*. § 327 ("In any derivative suit . . . it shall be averred in the complaint that the plaintiff was a stockholder of the corporation at the time of the transaction of which such stockholder complains.").

Similarly, Plaintiffs' attempt to rely on Federal procedural rules to avoid dismissal on standing grounds based on substantive Delaware state law is equally without merit. *See Kamen v. Kemper Fin. Servs.*, 500 U.S. 90, 105-06 (1991) (holding that applying federal law instead of substantive state corporation law would "necessarily infuse corporate decision making with uncertainty" and result in "disruption to the internal affairs of the corporation").

For the reasons set forth above, as well as the reasons set forth in the Countrywide Defendants' reply brief in support of the Post-Merger Motion to Dismiss, the Court should dismiss this action in its entirety on the ground that Plaintiffs lack standing to prosecute this derivative action.

/s/ Edward B. Micheletti
Edward P. Welch (I.D. No. 671)
Edward B. Micheletti (I.D. No. 3794)
Rachel J. Barnett (I.D. No. 4876)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899
Tel.: (302) 651-3000
Fax:  (302) 651-3001
E-mail:  edward.micheletti@skadden.com

*Attorneys for Defendants Michael E. Dougherty and Kathleen Brown*

DATED:  August 13, 2008